# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRED LOLLIS, and ) | |
| ROSEMARY LOLLIS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 15-CV-590-TCK-TLW |
| ) | |
| DEPARTMENT OF HUMAN ) | |
| RESOURCES; RODNEY B. SPARKMAN; ) | |
| WILMA PALMER; DORIS FRANSEIN; ) | |
| BRANDY O'BRIAN; BRANDY LARID; ) | |
| KYLE FELTY; and SAL MUNOZ; ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Complaint (Doc. 1) and Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Doc. 2). Plaintiffs Fred and Rosemary Lollis ("Plaintiffs") appear to be alleging constitutional violations based on some taking of their property. However, it is incredibly difficult to discern the basis for Plaintiffs' claims due to the complete lack of factual allegations contained in their "Notice," which also appears to accuse the Court of having "lost subject matter jurisdiction." Plaintiffs are proceeding *pro se*, and the Court construes their pleadings liberally consistent with Supreme Court and Tenth Circuit precedent. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

Plaintiffs seek to commence this action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to

pay such fees." Despite use of the word "prisoner," this statute applies to all persons applying for *in forma pauperis* status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013).

This statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* In order to prevent such abusive or captious litigation, the statute authorizes federal courts to *sua sponte* dismiss a case filed *in forma pauperis* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the action fails to state a claim upon which relief may be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (describing § 1915(e)(2) as a "screening procedure" for dismissing IFP claims that are frivolous, that fail to state a claim, that seek monetary relief from immune defendants, or that rest on false allegations of poverty). Dismissals based on § 1915(e)(2) are often made *sua sponte* prior to the issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.[1]

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). The party invoking federal jurisdiction has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir.

---

[1] The Court in *Neitzke* addressed the precursor to 28 U.S.C. § 1915(e)(2), which was 28 U.S.C. § 1915(d). However, the Tenth Circuit has cited *Neitzke* as setting forth the policy considerations underlying § 1915(e)(2). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

2

2002). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even if the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'").

Plaintiffs' Notice does not allege any basis for federal subject matter jurisdiction and, regardless of Plaintiffs' pro se status, the Court cannot permit Plaintiffs to proceed with the case if the Court lacks jurisdiction over their claims. Plaintiffs have not alleged that the parties are diverse or that the amount in controversy exceeds $75,000, and there is no possibility the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a).

The Court has considered whether Plaintiffs could be alleging a claim for violation of their federal constitutional rights which could support the exercise of federal question jurisdiction under 28 U.S.C. § 1331. Generally, the "well-pleaded complaint" rule requires that the federal question appear on the face of the plaintiff's complaint. *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001) ("The presence or absence of federal -question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987 )). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Collins v. Cnty. of Johnson, Kan.*, 2001 WL 950259, at *1 (D. Kan. July 12, 2011) (quoting *Martinez v. U.S. Olympic Comm'n*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiffs allege their constitutional rights were violated as a result of some unspecified action, but without any factual allegations, the Court cannot discern the true nature of Plaintiffs' claims. Accordingly, Plaintiffs have not alleged a colorable federal claim against Defendants, and the Court lacks subject matter jurisdiction over this case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n.10 (2006) (federal courts cannot exercise federal question jurisdiction over a case without the existence of a colorable claim arising under federal law).

**IT IS THEREFORE ORDERED** that Plaintiffs' claims are dismissed for lack of subject matter jurisdiction. Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Doc. 2) is denied as moot.

**SO ORDERED this 22nd day of October, 2015.**

_____
**TERENCE C. KERN**
**United States District Judge**